**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 9, 2019[*]
Decided November 6, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-2041

| | |
|---|---|
| RICKY R. FRANKLIN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 9660 |
| EXPRESS TEXT, LLC, | |
| *Defendant-Appellee*. | Robert W. Gettleman, |
| | *Judge*. |

**O R D E R**

In this successive appeal we revisit Ricky Franklin's claim that Express Text violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending him 115 unwanted text messages between July 2015 and September 2016. Under the statute, Express Text can be liable only if it made any call or sent any text message to Franklin using an automatic telephone dialing system. See 47 U.S.C. § 227(b)(1)(A); *Blow*

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

*v. Bijora, Inc.*, 855 F.3d 793, 798 (7th Cir. 2017) (explaining that the statute applies to text messages). Throughout this litigation, Express Text has maintained that it merely offers its users an online platform that disseminates text messages and does not itself send messages. (Express Text also maintains that its platform is not an automatic telephone dialing system. The district court, however, did not rely on this point for either grant of summary judgment, and we need not address the issue to resolve this case.) In August 2017, the district court granted summary judgment for Express Text, concluding that it was not liable under the TCPA because it did not send or initiate anything; instead, one of its users, WorldWin Events, sent the offending texts to Franklin.

On Franklin's appeal from that ruling, we vacated and remanded so that "Franklin [could] seek reasonable discovery." *Franklin v. Express Text, LLC*, 727 F. App'x 853, 856 (7th Cir. 2018). In doing so, we determined that the district court had abused its discretion in denying Franklin's Rule 56(d) motion. *Id.* The district court, in granting the 2017 summary judgment, had relied almost exclusively on the affidavit of Express Text's Chief Operating Officer. Franklin was unable to respond to that evidence "without an opportunity to ask how Express Text's system works or inquire into the relationship between WorldWin and Express Text." *Id.* at 855. We noted:

> Any agreements between WorldWin and Express Text, including whatever user agreement or terms of service Express Text has with its customers, might show that Express Text is responsible for the text messages received by Franklin, or they might not. And without an understanding of how Express Text's internet-to-phone system works (including who owns the written text transposed into a text message by Express Text's system), we do not see how Franklin could have contested who "sent" him the text messages. Certainly Franklin would not be entitled to review "any and all" third-party agreements, but his actual discovery requests can be tailored more narrowly than the categories of information he describes.

*Id.* at 855–56. Our remand was designed to give Franklin an opportunity to fill those evidentiary gaps, through reasonable discovery designed to determine whether Express Text was the "sender/initiator" of the text messages. *Id.* at 856.

On remand, the district court set the discovery cutoff for August 21, 2018. Franklin, however, ignored the second chance we gave him. He failed entirely to conduct any discovery: he filed no document requests, no interrogatories, no

subpoenas, and no notices of deposition. Instead, he conducted "independent research" and found (he said) that WorldWin Events was not properly registered in Georgia even though it was allegedly a Georgia entity. His research also indicated that there was no company doing business as "WorldWin Events" in Georgia. Franklin argued that WorldWin Events therefore did not exist and could not be liable for sending the text messages.

Based on the lack of discovery, Express Text filed another motion for summary judgment, which the district court granted. The district court concluded that Express Text had again "submitted admissible evidence to show that it is not the sender of the texts in question." The court noted that Franklin failed to "explain how the lack of state registration by [Express Text]'s customer could possibly result in [Express Text] being the sender of the alleged text messages or how [Express Text]'s platform could constitute an automated telephone dialing system in violation of the TCPA."

We now affirm the district court's summary judgment. We remanded this case strictly so that Franklin could seek discovery about the content of any agreements between Express Text and WorldWin Events and develop evidence about how the internet-to-phone system works. Franklin chose to forgo this opportunity. As a result, he has not shown that a rational trier of fact could find that Express Text was the sender of the text messages for purposes of the TCPA. As the district court recognized, the lack of a registered entity named WorldWin Events does not show one way or the other that Express Text sent or initiated the messages.

The judgment of the district court is AFFIRMED.